IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| TRAVIS YEARGANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-00409-CV-W-ODS |
| ) | |
| CITY OF KANSAS CITY, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT

COMES NOW the City of Kansas City, Missouri ("City"), by and through its attorney of record, and moves to strike portions of Plaintiff's affidavit in support of summary judgment [Doc. 49-17], attached as Exhibit 1. In support, the City states as follows:

1. Several of the paragraphs in Plaintiff's affidavit lack foundation, rely on inadmissible hearsay, or are based on "information and belief." Accordingly, the City moves to strike the following paragraphs.

2. The City moves to strike Paragraph 15 of Plaintiff's affidavit. Here, Plaintiff recounts that it is his "understanding that oral components were added" because Caucasian firefighters had the examination questions prior to the exam. Plaintiff gives no basis for his "understanding." He does not state whether his understanding is based on what someone told him, his personal knowledge of seeing someone with the examination answers, or some other basis. This Court must have sufficient information before it to determine whether evidence proffered in an affidavit in support of summary judgment may be presented at trial in an admissible form. *Smith v. Kilgore*, 926 F.3d 479, 485 (8th Cir. 2019). "Conclusory allegations" and "statements not based upon personal knowledge"

1

should be stricken. *Wells Dairy, Inc. v. Travelers Indemnity Co. of Illinois*, 241 F.Supp.2d 945, 956 (N.D. Iowa 2003) (citing *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988)). This is exemplified in the Western District case of *Booker v. Kessinger/Hunter Management, Inc.*, Case No. 03-01064-CV, 2005 WL 2090777 at *6 (W.D. Mo. Aug. 29, 2005) which found that phrases such as "it is my understanding" reflect statements made by third parties and are hearsay. *See also Churchill Business Credit, Inc. v. Pacific Mut. Door Co.*, 49 F.3d 1334, 1337 (8th Cir. 1995) (motion to strike should be granted when "vague testimony is conclusory and lacks detail").

3. The City moves to strike Paragraph 17, as it is based "[u]pon information and belief." An affidavit in support made "upon information and belief" does not comply with Rule 56 of the Federal Rules of Civil Procedure. *Automatic Radio Mfg. Co. v. Hazeltine Research*, 339 U.S. 827, 831 (1950), *overruled in party on other grounds by Lear, Inc. v. Adkins*, 395 U.S. 653, 670 (1969) (addressing licensee estoppel with regard to a patent). *See also Neff v. World Pub. Co.*, 349 F.2d 235, 253 (8th Cir. 1965) ("in determining whether summary judgment is proper, statements contained in affidavits, which would be inadmissible in evidence (such as statements of opinion, belief and hearsay) must be disregarded" (parenthetical in original)).

4. The City moves to strike Paragraph 18 which says that captains planned their retirement to affect the promotions "which was often done in collaboration with management to control who was promoted." This statement is cursory and lacks foundation, as it does not allege which captains performed this action, when the action occurred, who in management collaborated with the captains who sought to manipulate the list, or how the Plaintiff knows this information. For example, if he knows of this collaboration through hearsay, the

hearsay must fall under an exception to hearsay. *Walker v. Wayne County, Iowa*, 850 F.2d 433, 435 (8th Cir. 1988).

5. The City moves to strike Paragraph 19 which says that the Fire Chief has used discretion to discriminate against racial minorities and women. This is, again, conclusory and without foundation. Plaintiff does not provide which Fire Chief committed the act, when it was committed, which female firefighter it was used against, or how he knows this information.

6. The City moves to strike Paragraph 21 which is based "[u]pon information and belief." *See, supra*, ¶ 3.

7. The City moves to strike Paragraph 23. Here, Plaintiff explicitly states "he was told" he would not be promoted because other captains would chose not to retire. Plaintiff does not disclose the foundation for a hearsay exception, including who told him and, if it was an employee with the City, if the statement was within their job description, making this inadmissible hearsay. *Walker v. Wayne County, Iowa*, 850 F.2d 433, 435 (8th Cir. 1988). Further, the statement could be double (or triple or quadruple) hearsay if one or more of the captains told the person who told the Plaintiff. If that were the case, exceptions would need to be established for each level of hearsay. *See also Churchill Business Credit*, 49 F.3d at 1337 & n.6 (a proper foundation for a hearsay exception must be included in the affidavit).

8. The City moves to strike Paragraph 24 which contains rank speculation and the conclusory allegation that the Fire Department "failed to promote [Al Myers] to Captain due to his status as an outspoken African American . . . ." If the Plaintiff had personal knowledge of the City's reasons for not promoting Mr. Myers, they are not included in Paragraph 24. Without any foundation as to how Plaintiff has this knowledge, it should be stricken.

3
Case 4:18-cv-00409-ODS   Document 53   Filed 08/12/19   Page 3 of 6

9. The City moves to strike Paragraph 25, as it is based on "belief" and not personal knowledge. *See Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1367 (8th Cir. 1983) (to be admissible, evidence must be "based upon the persona knowledge of the affiant; information and belief is insufficient").

10. The City moves to strike Paragraph 33, which is based on unfounded hearsay. Plaintiff alleges that he "asked around," but does not opine to who, what they said, or if they had the power to bind the City in an admission. There is, therefore, no foundation for a hearsay exception.

11. The City moves to strike Paragraph 35 which is based on "belief" and not personal knowledge.

12. The City moves to strike Paragraph 37 which contains the conclusory allegation that the Fire Department had "several racially segregated fire stations and many racially segregated shifts." Plaintiff gives no basis for his allegation including which fire stations or shifts were segregated, when they were segregated, whether he witnessed the segregation himself or was told that they were segregated.

13. The City moves to strike Paragraph 38, as it is based upon "belief" and not personal knowledge.

14. The City moves to strike Paragraph 43 and the attached Exhibit 1 as conclusory and lacking authentication, as well as being inadmissible at trial. Plaintiff makes the statement that he was "fairly assessed" by Ms. Kline and Ms. Wedow and their scores were "fair and non-discriminatory." This is impermissible bolstering of an expert opinion. Further, "affiants should make recitations sufficient to establish the foundation for attached documentary exhibits." *In re Northgate Computer Systems, Inc.*, 240 B.R. 328, 338 (Bankr. D. Minn.

1999) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1551 (9th Cir. 1989)). Plaintiff has offered no recitations sufficient to establish the admissibility of Exhibit 1, and it should be stricken accordingly.

15. The City moves to strike Paragraph 44 as a legal argument concluding that Plaintiff had been discriminated against. "Legal arguments" should be stricken. *Wells Dairy*, 241 F.Supp.2d at 956 (citing *Sellers*, 842 F.2d at 643).

16. The City moves to strike Paragraph 45 as a legal argument. Plaintiff is explicitly referencing the circumstances that would be needed to meet the statute of limitations for failure to promote.

17. The City moves to strike Paragraph 47 as speculation. Further, it is based upon "belief" and not personal knowledge. Accordingly, it should be stricken.

**WHEREFORE,** for the foregoing reasons, the City of Kansas City, Missouri, respectfully requests the foregoing paragraphs of the Plaintiff's affidavit be stricken.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY

By: /s/Tara M. Kelly
Tara M. Kelly, #64624
Assistant City Attorney
2300 City Hall, 414 E. 12th Street
Kansas City, Missouri 64104
Telephone: (816) 513-3117
Facsimile: (816) 513-2716
Email: tara.kelly@kcmo.org
**ATTORNEYS FOR DEFENDANTS**
**CITY OF KANSAS CITY, MISSOURI**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 12th day of August, 2019, a copy of the foregoing was sent to all counsel of record via ECF.

               /s/ Tara M. Kelly
               Tara M. Kelly